FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 14 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
OMAR NIEVES,

                Petitioner,

—against—

JAMES CONWAY,

                Respondent,
----------------------------------------------------------x

**MEMORANDUM and ORDER**

09-CV-3710 (SLT) (LB)

**TOWNES, United States District Judge:**

*Pro se* petitioner Omar Nieves, who was convicted after a jury trial in the Supreme Court of the State of New York, Kings County, of Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is dismissed without prejudice.

I.    **Background and Procedural History**

At approximately 6:00am on October 11, 2004, Omar Nieves approached Leonel Castro from behind and fired several bullets into him. Castro died from the wounds. On April 6, 2006, Nieves was convicted in the Supreme Court of the State of New York, Kings County, of Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree. The trial court sentenced him to twenty-two years to life on the murder count, with a concurrent sentence of twelve years for criminal possession of the weapon.

With assistance of counsel, Nieves appealed to the New York Supreme Court, Appellate Division, Second Department, arguing that the prosecution elicited bad act evidence that was more prejudicial than probative, namely the fact that Nieves had held a gun to the head of his

1

then-girlfriend about a month before the homicide. (Def-Appellant's Br. at 3.) In rejecting petitioner's argument and affirming his conviction, the Appellate Division ruled that "any error in admitting the evidence was harmless because the evidence of the defendant's guilt was overwhelming and there is no significant probability that, had it not been for the alleged error, the jury would have acquitted the defendant." *People v. Nieves*, 857 N.Y.S.2d 502, 503 (2nd Dept. 2008) (citing *People v. Jackson*, 8 N.Y.3d 869, 871 (2007)); *see also People v. Crimmins*, 36 N.Y.2d 230 (1975). On August 6, 2008, the New York State Court of Appeals denied petitioner's application to review the decision. *People v. Nieves*, 11 N.Y.3d 739 (2008).

On August 17, 2009, Petitioner filed this petition for a writ of habeas corpus. It presents two categories of claims: (1) Petitioner was denied his right to a fair trial when the prosecutor was allowed to introduce evidence of Petitioner's prior bad acts; and (2) he was denied his right to effective assistance of trial counsel because counsel failed (a) to interview and call important factual witnesses; or (b) to object to the court's instruction to the jury regarding the defense of justification.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be filed within one year of the latest of four dates, generally "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner had ninety days from the date the Court of Appeals denied review to petition the Supreme Court for certiorari. Sup. Ct. R. (13)(1). Consequently, Petitioner's deadline for filing a

*habeas* petition in this court was Nov. 4, 2009; in fact, he filed before the deadline, in August of that year.

When evaluating habeas petitions, federal courts must abide by the doctrine of exhaustion, which provides that a "habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim." *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Unless a claim has been "fairly presented" to the "highest state court from which a decision can be had," a federal court may not consider its merits. *Id.* Considerations of comity give rise to this rule, which promotes respect for the dual judicial system and "harmonious relations between the two adjudicatory institutions." *Id.* (citing *Rose v. Lundy*, 102 S.Ct. 1198 (1982)).

Petitioner concedes that he has filed a "mixed petition"—a petition that contains both a claim that has been exhausted in state courts and two claims that have not. *See Rhines v. Weber*, 544 U.S. 269 (2005). (Pet. Rep. at 5.)[1] By raising his first claim on appeal, Petitioner exhausted it in New York State courts, but he acknowledges that he has not yet exhausted his second and third claims. (Pet. at 6.) He asks this court to hold his petition in abeyance until he returns to state court to exhaust his remaining claims. (Pet. Rep. at 9.)

### III. "Good Cause" Requirement

"Stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. In order to succeed, a petitioner must show 1) that he had "good cause" for his failure to

---

[1] "Pet. Rep." refers to petitioner's Affidavit in Reply to Respondent's Opposition to Petition for a Writ of Habeas Corpus, filed with this court on Nov. 30, 2009.

exhaust his claims first in state court; 2) that his claims are not "plainly meritless"; and 3) that he has not engaged in "intentionally dilatory litigation tactics." *Id.* at 277-78.

The *Rhines* court did not define the term, "good cause," and in the years since, the Supreme Court has elaborated only once, holding in *Pace v. DiGuglielmo* that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

District courts in this circuit have found that in order to demonstrate good cause, a petitioner must show that "some factor external to the petitioner gave rise" to his failure to assert the claims in state court. *Williams v. Marshall*, 09 CIV. 7411 RJHMHD, 2011 WL 1334849, *2 (S.D.N.Y. Mar. 30, 2011) (citing *Whitley v. Ercole*, 509 F.Supp.2d 410, 417 (S.D.N.Y. 2007)); *see also Reyes v. Morrisey*, 2010 WL 2034531, *11 (S.D.N.Y April 21, 2010); *Clendinen v. Unger*, 2006 WL 2465176, *4 (S.D.N.Y. Aug. 22, 2006). For instance, good cause may be found if state proceedings are "delayed by the prosecution and other circumstances beyond [Petitioner's] control," and unexhausted claims are based on "*documented* evidence discovered after [petitioner] brought his habeas petition." *Fernandez v. Artuz*, 00 CIV. 7601 KMW AJP, 2006 WL 121943, *7 (S.D.N.Y. Jan. 18, 2006) (emphasis in original).

Some courts have held that ineffective assistance of counsel can give rise to a showing of good cause. *Rhines v. Weber*, 408 F. Supp. 2d 844, 848 (D.S.D. 2005); *see also Ramchair v. Conway*, 04 CV 4241 (JG), 2005 WL 2786975 (E.D.N.Y. Oct. 26, 2005) *adhered to*, 671 F. Supp. 2d 371 (E.D.N.Y. 2009) *aff'd*, 601 F.3d 66 (2d Cir. 2010). Several such cases have hinged on Petitioner's own confusion about the interplay between legal issues and time constraints. The court's reasoning for finding good cause in ineffective assistance of counsel in *Ramchair* was that "there is no reason to expect [petitioner] to understand that his appellate counsel should have

complained about the failure to grant the mistrial, not the failure to allow [trial counsel] to testify." *Ramchair*, 2005 WL 2786975 at *18. In *Brown v. Ebert*, 05 CIV. 5579 DLC KNF, 2006 WL 1273830 (S.D.N.Y. May 9, 2006) (citing *Rhines*, 408 F. Supp. 2d at 848), the court found that a petitioner might have good cause if he is "reasonably confused" as to whether a claim was in fact exhausted or not.

Other courts have set a more stringent standard as to when ineffective assistance of counsel may give rise to good cause. In *Vasquez v. Parrott*, 397 F. Supp. 2d 452 (S.D.N.Y. 2005), the court held that "good cause" is analogous to the "cause" necessary to excuse procedural default. The court found that, in the context of a claim of ineffective assistance of counsel, a petitioner may only show good cause if he meets the standard of *Strickland v. Washington*, 466 U.S. 668, 674 (1984), namely that defendant was deprived of reasonably effective assistance to the point where a fair trial was impossible and the result of the proceeding would otherwise have been different. *Vasquez* at 464 (citing *Murray v. Carrier*, 477 U.S. 478, 485-92 (1986)); *see also Hubbert v. Renico*, 2005 WL 2173612 at *3 (E.D. Mich. 2005).

Here, Petitioner offers insufficient grounds to demonstrate good cause.

Petitioner initially offered the brief explanation that, "Based upon the time limitations imposed by the AEDPA, the attached applicati[on] (28 U.S.C. § 2254) had to be filed forthwith." (Pet. at ¶ 6.) Even if he did demonstrate "reasonable confusion" about the filing deadline, *Pace* is of little help to Petitioner, as it recognizes confusion about *state* deadlines; it does not offer explicit support for finding good cause in confusion as to a *federal* deadline. *Pace*, 544 U.S. at 416.

Yet although Petitioner's initial estimate of exactly how much time he had left to file in federal court might have been incorrect, he appears to otherwise understand AEDPA's

5

requirements. In his Affidavit in Reply to Respondent's Opposition to Petition for a Writ of Habeas Corpus, Petitioner acknowledges he still "has time remaining to file under the habeas statute, and the habeas limitations period will be tolled once the Petitioner submits a properly filed motion in the state court to exhaust his unexhausted claims." (Pet. Rep. at 2.) Moreover, as Petitioner recognizes that his petition is mixed, he is clearly not confused about whether his claims have been exhausted or not.

Nor does Petitioner appear to be confused about the legal claims he wishes to raise. At the time of his appeal, Petitioner "requested that new counsel challenge trial counsel's failure to object to the court's jury instruction," but his counsel "negated this course of proceedings." (Pet. at ¶¶ 6-7.) Petitioner offers no explanation of why he did not exhaust this claim in state court.

Petitioner's suggestion that ineffective assistance of counsel was responsible for the failure to collect certain affidavits of "crucial factual witnesses" does not excuse bypassing state courts either. (Pet. Rep. at 8.) Petitioner acknowledges that he asked his attorney to call these witnesses before the case went to trial (Pet. at ¶ 3.), believed his trial counsel had erred in not calling witnesses, and believed the issue deserved state court review at the time of his appeal. (*Id.* at ¶ 6.) Petitioner suggests he has collected one such affidavit and is on the verge of collecting more; however, at the time of filing, he claims to have failed to have obtained several of the sworn statements he is seeking. (Pet. Rep., 8-9.) Indeed, it appears that the sole reason Petitioner seeks an abeyance is to give him more time to acquire these affidavits. *Id.* Petitioner offers no specific preview of what exculpatory testimony the witnesses might offer.

There is no reason to believe the Petitioner's personal difficulty in obtaining witness affidavits of speculative value is the kind of factor "external to the petitioner" that prior courts have understood to demonstrate good cause. This Court is unaware of and Petitioner does not

cite to any prior judicial holding supporting the notion that the speculative possibility of an affidavit surfacing is enough to excuse a failure to exhaust a claim in state court first. Petitioner cannot rely on *Fernandez*, 2006 WL 121943, where the emergence of "*documented* evidence" after filing established good cause, because the potential that affidavits might exist in the future is not documented evidence.

It would run contrary to the purposes of the statute to hold a petition in abeyance for an extended period while Petitioner continues his search for affidavits—especially since it is unclear what those affidavits might say, or why there is a delay in obtaining them. "Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review." *Rhines*, 544 U.S. at 278. Since Petitioner both failed to seek relief in state court for his ineffective assistance of counsel claims and understood the need to exhaust claims in state court first, Petitioner creates doubt as to whether his decision to file in this Court was due to reasonable confusion, or due to a desire to delay proceedings on the off chance an affidavit should surface before the AEDPA-imposed deadline.

Moreover, holding the petition in abeyance for ninety days as Petitioner requested (Pet. Rep. at 10), besides stretching the limits of AEDPA and *Rhines*, would be of insignificant assistance to Petitioner at this point. Under 28 U.S.C. § 2244(d)(2), the federal *habeas* limitations period would be tolled when he timely files for review in state court, and would resume as soon as state review is complete. The deadline for filing a *habeas* petition in this court was Nov. 4, 2009. Because Petitioner still had time to file in state court and such filing tolled the § 2244 limitations until state court disposition, after which he could return to federal court before his petition becomes time-barred, there is little practical difference between holding the unexhausted claims in abeyance for ninety days and dismissing the petition in its entirety.

Petitioner can still make a claim for ineffective assistance of counsel in state court; at this juncture, no statutory time bar prevents it.

Petitioner has not shown good cause for failing to file in state court; therefore, the Court denies Petitioner's request for a stay and dismisses his petition without prejudice. *Rhines*, 544 U.S. at 274 (the federal court "should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter") (citing *Darr v. Burford*, 339 U.S. 200, 204 (1950)); *see also Keating v. New York*, 708 F. Supp. 2d 292, 303 (E.D.N.Y. 2010); *Whitley*, 509 F. Supp. 2d at 418; *de la Garza v. Symmes*, 06-2562(RHK/JJG), 2006 WL 2095481, *4 n.4 (D. Minn. July 27, 2006).

## V. Conclusion

For the reasons above, the instant petition for a writ of habeas corpus is dismissed without prejudice.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: July 13, 2011
Brooklyn, New York